IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CT-3100-FL

| | | |
|---|---|---|
| ADAM WADE OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SHERIFF DONNIE HARRISON; | ) | |
| CAPTAIN P. WILLIAMS; | ) | |
| LIEUTENANT D. MEREDITH; and | ) | |
| SERGEANT A. LUCAS, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on the motion for summary judgment filed by defendants Donnie Harrison, P. Williams, D. Meredith, and A. Lucas (DE # 31). Also before the court is plaintiff's motion to appoint counsel (DE # 27). Plaintiff did not file a response to defendants' motion, and the issues raised are ripe for adjudication. For the reasons that follow, plaintiff's motion to appoint counsel is denied and defendants' motion for summary judgment is granted.

## STATEMENT OF THE CASE

On August 4, 2008, plaintiff filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against defendants alleging excessive force and failure to provide adequate and effective medical care in violation of the Eighth Amendment. On October 10, 2008, this court conducted a frivolity determination, allowed plaintiff's claims to proceed, and ordered North Carolina Prisoner Legal Services ("NCPLS") was requested to investigate plaintiff's claims. Defendants filed an answer to plaintiff's complaint on November 17, 2008.

On November 19, 2008, plaintiff by letter to the court rejected the investigation services of NCPLS. On March 3, 2009, however, plaintiff wrote another letter to the court stating that he would like for NCPLS to investigate his case. Thus, on April 7, 2009, this court filed an order reinstating its October 10, 2008 order, directing NCPLS to investigate plaintiff's claims. After conducting an investigation, NCPLS determined that appointment of counsel for plaintiff was not required.

Plaintiff filed a motion to appoint counsel on October 20, 2009. Defendants filed a motion for summary judgment on December 4, 2009, arguing that plaintiff's claims are without merit. In support of their motion, defendants attached affidavits of Alan Moore, Administrative Officer at Wake County Jail, and Dr. Obi Umesi, Medical Director at the Wake County Jail. Plaintiff did not file a response.

## STATEMENT OF THE FACTS

Plaintiff's allegations arise of out events that occurred while he was incarcerated at Wake County Jail in Wake County, North Carolina. It is undisputed that on March 2, 2008, plaintiff was involved in a use of force incident at Wake County Jail. (Compl. 3–4; Moore Aff. ¶ 7.) Plaintiff claims that he was physically assaulted by defendants, along with other unnamed correctional officers. (Compl. 3–4.) He states that defendants assaulted him for several minutes to prevent him from pressing the emergency notification button in his cell when he was having chest pains. (Id.) He also states that his subsequent repeated requests for medical attention were turned down. (Id.)

According to affidavits submitted by defendants, on March 2, 2008, plaintiff was kicking his cell door and using his cell intercom button excessively to call the control station for no reason. (Moore Aff. ¶ 7.) After defendants repeatedly instructed plaintiff to stop, defendants placed plaintiff in restraints from approximately 1:10 p.m until 4:50 p.m, when plaintiff calmed down. (Id.)

According to defendants, a minimal amount of force was used against plaintiff to control him and restore order. (Id.) Defendants state that during the time plaintiff was in restraints, he was monitored by jail staff fourteen (14) times. (Id.) Defendants also state that plaintiff was evaluated by a nurse at 8:30 p.m. on March 2, 2008. (Umesi Aff. ¶ 2.) Plaintiff filled out a sick call request on March 7, 2008, requesting to see a psychiatrist to obtain medications for stress and anxiety. (Id. at ¶ 3.) He filled out another sick call request on March 11, 2008, and was evaluated by a medical provider on March 17, 2008. (Id. at ¶ 4.)

## DISCUSSION

A.   Motion to Appoint Counsel

Plaintiff filed a motion, in letter form, asking this court to appoint counsel to assist him in litigating this action. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional" circumstances. Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); see also Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant, 739 F.2d at 163 (quotation omitted). The facts of this case and plaintiff's abilities do not present exceptional circumstances. Therefore, plaintiff's motion to appoint counsel is denied.

B.   Motion for Summary Judgment

1.   Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v.

3

Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 249.

2. Analysis

In support of their motion for summary judgment, defendants assert the defense of qualified immunity. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity protects government officials "where the law is unsettled or murky." Rogers v. Pendleton, 249 F.3d 279, 286 (4th Cir. 2001). The test is whether the act was clearly forbidden, not whether in hindsight the action was wrongful. Id. In evaluating qualified immunity, a court initially may determine whether the plaintiff has alleged or shown a violation of a constitutional right at all. See Pearson v. Callahan, __ U.S. __, __, 129 S.Ct. 808, 818 (2009)[1]; Siegert v. Gilley, 500 U.S. 226, 232 (1991); Rogers, 249 F.3d at 286.

a. Excessive Force Claim

The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" which

---

[1] In Pearson, the Supreme Court overruled the mandatory two-step sequence adopted in Saucier v. Katz, 533 U.S. 194 (2001). See Pearson, 129 S. Ct. at 818.

4

constitutes cruel and unusual punishment. Whitley v. Albers, 475 U.S. 312, 320 (1986). The excessive force inquiry has an objective prong and a subjective prong. Under the objective prong, plaintiff must establish that the "alleged wrongdoing was objectively harmful enough to establish a constitutional violation." Norman v. Taylor, 25 F.3d 1259, 1262 (4th Cir. 1994) (quotations omitted), abrogated on other grounds by Wilkins v. Gaddy, __ U.S. __, 130 S.Ct. 1175 (2010). Subjectively, plaintiff must show that the prison officials "maliciously and sadistically [used force] to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992).

In a recent decision, the Court explained that the "core judicial inquiry" in an excessive force claim by a prisoner was "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm," thereby abrogating the Fourth Circuit's decision in Norman which focused on the extent of injury.[2] Wilkins, __ U.S at. __, 130 S.Ct. at1178 (quotations omitted). Although a plaintiff is no longer required to show that the injury suffered was more than *de minimis*, the seriousness of the injury is not irrelevant. Id. The Court reiterated that "[t]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." Id. at 1178 (quoting Hudson, 503 U.S. at 7). The Court also suggested that the seriousness of the injury could indicate the amount of force applied and stated that "[a]n inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." Id. (quoting Hudson, 503 U.S. at 9).

Here, plaintiff alleges that defendants Meredith and Lucas, along with other jail staff not

---

[2]In Norman v. Taylor, 25 F.3d at 1263, the Fourth Circuit held that "[a]bsent the most extraordinary circumstance" an individual who suffers only *de minimis* injuries cannot prevail on an Eighth Amendment excessive force claim.

5

named in this action, used excessive force against him when they entered his cell and placed him in restraints after an incident on March 2, 2008. Plaintiff alleges officers kicked and punched him and he implies that the force was issued at the direction of defendant Williams. Defendants, however, offer the affidavit of Moore which states defendants demonstrates that the defendants used the minimal amount of force necessary to place plaintiff in restraints.

Despite plaintiff's allegations of excessive force, he fails to present evidence that the force was applied maliciously and sadistically to cause harm. Instead, the evidence presented by defendants demonstrates that the defendants used the minimal amount of force necessary to control plaintiff and restore discipline. Plaintiff was placed in restraints for approximately three hours, which exhibits a reasonable amount of force. Accordingly, plaintiff has failed to show that the actions of defendant Williams, Lucas, or Meredith were a violation of his constitutional or statutory rights. In addition, plaintiff has failed to present any allegations of unconstitutional violations by defendant Harrison. Therefore, defendants are entitled to qualified immunity on the excessive force claim.

   b.  Failure to Provide Adequate Medical Care

To state a valid Eighth Amendment claim for failure to provide adequate medical care, a plaintiff must demonstrate that the defendant acted with deliberate indifference to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference to an inmate's serious medical needs constitutes unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Id. at 105-06. Whether defendant acted with deliberate indifference is a subjective inquiry. See Farmer v. Brennan, 511 U.S. 825, 837–40 (1994); Hudson, 503 U.S. at 7–9. To demonstrate deliberate indifference, plaintiff must show that the medical treatment was "so

6

grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Plaintiff alleges that defendants rejected his numerous sick call requests to see a doctor and that a nurse falsified a medical document for the benefit of the facility and billed his commissary account inappropriately. Despite this allegations, plaintiff has failed to indicate how defendants Harrison, Williams, Meredith, and Lucas were deliberately indifferent to his medical needs. Indeed, the plaintiff has not shown how the defendants failed to respond to his sick call requests or were deliberately indifferent to the medical needs of plaintiff. None of the named defendants are on the medical staff or responsible for the medical treatment of plaintiff. Instead, the affidavit of Moore demonstrates that defendants, and other correctional officers, checked on plaintiff fourteen times during the period that he was in restraints. Further, the affidavit of Dr. Umesi states that plaintiff was seen by a nurse at 8:30 p.m. on March 2, 2008, and was seen by other medical staff on subsequent occasions. Accordingly, defendants are entitled to qualified immunity on plaintiff's deliberate indifference claim.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to appoint counsel (DE # 27) is DENIED, and defendants' motion for summary judgment (DE # 31) is GRANTED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 3rd day of June, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge